**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**July 17, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

WALLY A. MARTINEZ,

    Defendant - Appellant.

No. 26-4032
(D.C. No. 2:01-CR-00564-TC-1)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **McHUGH**, and **CARSON**, Circuit Judges.
_____

In 2002, Wally Martinez was convicted of one count of bank robbery, two counts of Hobbs Act robbery, one count of felon in possession of a firearm, and three counts of possession of a firearm during a crime of violence under 18 U.S.C. § 924(c). Mr. Martinez was sentenced to a term of 780 months' imprisonment followed by 36 months of supervised release.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

In 2024, the District of Utah granted Mr. Martinez's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). It reduced Mr. Martinez's sentence to credit for time served effective March 15, 2024, and maintained his original 36-month term of supervised release. Soon after his release, however, Mr. Martinez began violating the conditions of his supervised release by, among other things, testing positive for drugs and committing another crime. The court sentenced Mr. Martinez to 14 months' imprisonment followed by 36 months of supervised release.

In July 2025, Mr. Martinez completed his term of imprisonment and was released to his second term of supervised release. Upon his release, Mr. Martinez again committed a series of violations. In March 2026, the court sentenced Martinez for a third time, imposing a sentence of 14 months' imprisonment and 34 months of supervised release. Mr. Martinez timely appealed.

After Mr. Martinez filed his notice of appeal, the district court filed a Notice of Sentencing Error, informing the parties that the 34-month term of supervised release imposed in March 2026 "was the result of an error in the sentencing recommendation provided by the United States Probation Office." Appellee's Br. Attach. A at 1. It noted that the first page of the sentencing recommendation "correctly calculated that the maximum term of supervised release available under statute was 32 months" and that the probation office "intended to recommend a 32-month term of supervised release." *Id*. at 1–2. The district court intended to impose a 32-month term, but the third page of the sentencing recommendation contained a

typographical error stating that the recommended term was 34 months. The district court failed to notice the discrepancy and inadvertently relied on the incorrect portion of the recommendation in imposing Mr. Martinez's sentence. The district court noted that it lacks jurisdiction to correct the judgment but stated that it "is prepared to issue an amended judgment correcting the error and imposing a 32-month term of supervised release" once jurisdiction is returned. *Id* at 2.

Mr. Martinez's sole contention on appeal is that the 34-month term of supervised release is illegal because it exceeds the statutory maximum. Because Mr. Martinez did not object to his sentence below, we review the claim for plain error. *United States v. Catrell*, 774 F.3d 666, 669 (10th Cir. 2014). A sentence that exceeds the statutory maximum is "an 'illegal sentence' that 'trigger[s] *per se*, reversible, plain error.'" *Id*. (quoting *United States v. Gonzalez-Huerta*, 403 F.3d 727, 739 n.10 (10th Cir. 2005)); *see also United States v. Barwig*, 568 F.3d 852, 858 (10th Cir. 2009) ("[A]n illegal sentence is per se reversible even under plain error review."); *United States v. Brooks*, 438 F.3d 1231, 1242 (10th Cir.2006) ("The imposition of an illegal sentence constitutes plain error.").

The Government concedes the sentence imposed in this case was illegal. We agree. The maximum term of supervised release that Mr. Martinez could have received was 60 months, 18 U.S.C. § 3583(b), "less any term of imprisonment that was imposed upon revocation of supervised release." *Id.* § 3583(h). Mr. Martinez served 14 months' imprisonment on his first revocation and was sentenced to 14 months' imprisonment on his second revocation. That put Mr. Martinez's maximum

term of supervised release at 32 months. Because the district court sentenced Mr. Martinez to 34 months of supervised release, the sentence exceeded the statutory maximum under § 3583(h). We therefore conclude that the sentence imposed by the district court in March 2026 was an illegal sentence that constitutes plain error. The proper remedy in this situation is for the district court to correct the typographical error in the judgment pursuant to Federal Rule of Criminal Procedure 36, which provides: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."

For the reasons stated, we REVERSE Mr. Martinez's sentence and REMAND for the district court to correct its imposition of an illegal sentence.

Entered for the Court

Carolyn B. McHugh
Circuit Judge